No. 165.—GEORGALINE HASTINGS *v.* REBECCA BRANTLEY et als.

A peremptory exception that the petition discloses no cause of action admits, for the purposes of the exception, that all the allegations in the petition are true; and when from the allegations in the petition, if true, the court would be enabled to pronounce judgment thereon, the exception will be overruled.

APPEAL from the District Court, parish of DeSoto. *Weems,* J. *R. J. Bowman,* for plaintiff and appellant. *J. B. Elam,* for defendants and appellees.

HOWE, J. The plaintiff, alleging herself to be universal legatee of Harris Brantly, deceased, instituted this suit against the executrix, the heirs at law, and Charles E. Doll, agent of Jules Tardos, of New Orleans, and sequestered certain cotton, which she claimed the executrix had caused to be sold through the sheriff of DeSoto on the fourteenth March, 1864. She alleged various causes of nullity of the sale, among others that the pretended price had been paid in Confederate money; and she averred that the cotton had never been delivered, but was still on the plantation of the deceased, and that Doll as agent of Tardos, the pretended vendee at sheriff's sale, was preparing to take it away.

The cotton sequestered was by consent released from seizure, the proceeds to be deposited to await the determination of the suit. The heirs, made defendants, answered, adopting the allegations of the plaintiff, and urging with her the nullity of the sale. The executrix made no answer, and judgment by default was taken against her. The defendant Doll, without answering, made a motion to set aside the writ of sequestration and to dismiss the suit on the following ground: "Because the causes of nullity alleged against the sheriff's sale of the cotton mentioned in plaintiff's petition are insufficient in law to maintain the plaintiff's action against him." Upon this the court gave judgment that the writ of sequestration be set aside and the suit dismissed as to the defendant Doll; and from that judgment the plaintiff and a portion of the heirs have appealed.

The motion is in the nature of a peremptory exception to the petition on the ground that it discloses no cause of action. It raises no question as to the form of plaintiff's action or the propriety of a writ of sequestration in a suit by a legatee against an executrix. It admits for the purposes of the motion the truth of the allegations of the plaintiff's petition.

With this view of the pleadings we are constrained to think that the judgment of the court *a qua* was erroneous. The allegations of the petition being taken as true, we find the sheriff of DeSoto in 1864 selling, or attempting to sell, the cotton to Jules Tardos, of New Orleans; that the consideration of this sale was Confederate money, that the cotton was never delivered to the pretended vendee, but was still on

the plantation of the deceased; and that Doll as agent of Tardos, was at the moment of the institution of the suit attempting to obtain possession of and remove the property. Under such circumstances we must think that the sale was a complete nullity, conferring no rights on Tardos, and that therefore there was a right of action against Doll.

For these reasons it is ordered that the judgment appealed from be avoided and reversed, that the motion made by the defendant Doll to set aside the writ of sequestration and to dismiss the suit be overruled, and that the cause be remanded to be further proceeded with according to law.